# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

### Judge John R. Tunheim

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 11-cr-00106-JRT |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL** |
| v. | |
| AARON JASON COPE, | |
| Defendant. | |

Joseph Mackey and Mark S. Pestal, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 1225 Seventeenth Street, Suite 700, Denver, CO 80202, for plaintiff.

Timothy Vitow Anderson, **ANDERSON & ASSOCIATES, P.C.**, - **VIRGINIA BEACH**, 2492 North Landing Road, Suite 104, Virginia Beach, VA 23456, for defendant.

On June 17, 2011, Aaron Cope was convicted of operating a common air carrier while under the influence of alcohol in violation of 18 U.S.C. § 342. Cope now moves for release pending appeal pursuant to 18 U.S.C. § 3143(b). (Nov. 22, 2011, Docket No. 60.) Because the Court finds that Cope has failed to meet his burden of showing by clear and convincing evidence that his appeal raises a substantial question of law or fact, Cope's motion will be denied.

## BACKGROUND

At trial, the Court found that Cope served as the first officer of Flight 7687 from Austin, Texas to Denver, Colorado on December 8, 2009 while under the influence of alcohol.  Specifically, the Court found that the results of a breathalyzer test showing that Cope had a blood alcohol content ("BAC") of .094 indicated that his BAC was at least .10 percent when the flight departed from Austin.  A second breathalyzer test, taken approximately twenty minutes after the first, showed that Cope had a BAC of .084. Using a technique known as retrograde extrapolation, a state toxicologist determined from the breathalyzer results that Cope's BAC was at least .143 when Flight 7687 took off.  Though Cope's expert at trial challenged the reliability of a retrograde analysis, the Court did not rely solely on this calculation.  The Court also found that Cope was in the elimination phase of his alcohol consumption when the breathalyzer was administered, meaning that his BAC was well above the .094 percent test result during the flight. Because 18 U.S.C. § 343 establishes a mandatory presumption that an individual with a BAC of .10 or higher is under the influence of alcohol, the Court found that Cope was operating a common carrier while under the influence of alcohol in violation of that provision.

## ANALYSIS

Section 3143(b) requires denial of release pending appeal unless the Court finds that the appeal raises a substantial question of law or fact likely to result in reversal of the

conviction, a new trial order, or a reduced sentence.  18 U.S.C. § 3143(b).[1]  Cope has the burden of establishing these facts by clear and convincing evidence.  *See United States v. Affleck*, 765 F.2d 944, 953 (10th Cir. 1985).  A substantial question is "a 'close' question, or one that very well could be decided the other way."  *Id.* at 952 (citing *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).  The question must be "of more substance than would be necessary to a finding that it was not frivolous."  *Id.*  Whether a particular question is substantial is decided on a case-by-case basis.  *Id.*

Cope argues that his appeal raises a substantial question because there is little precedent to guide the court on the interpretation of 18 U.S.C. § 342, and the arguments he intends to make on appeal are novel.  But the Tenth Circuit has observed that "a question which has not been decided by controlling precedent [need] not be substantial under § 3143(b)(2)."  *Affleck*, 765 F.2d at 952.  In the current instance, there is no reason to believe that the Tenth Circuit would depart from the presumption that an individual with a BAC of .10 or greater is under the influence for purposes of section 342's prohibition against operating a common carrier while under the influence.  *See id.* (observing that even in the absence of controlling precedent, a question is not substantial where there is little reason to believe the Tenth Circuit would depart from a well-established view).  Congress mandated this presumption in 18 U.S.C. § 343, and other circuit courts have confirmed this interpretation.  *See, e.g.*, *United States v. Prouse*, 945 F.2d 1017, 1026 (8th Cir. 1991).  In sum, the mere paucity of controlling precedent in the

---

[1] There has been no finding or suggestion that Cope represents a flight risk, or a danger to himself or others, so the provisions of 18 U.S.C. § 3143(a) are not at issue in this motion.

Tenth Circuit is insufficient to raise a substantial question of law justifying bail pending appeal.

Cope further argues that the evidence was insufficient to support his conviction, attacking in particular the accuracy of the breathalyzer test results.[2]  At trial the Court found the evidence that Cope was under the influence of alcohol during the flight to be overwhelming.  Cope's challenge to its sufficiency now fails to raise a "close question." Many courts, including the Tenth Circuit, support trial courts' reliance on breathalyzer test results.  *See, e.g.*, *United States v. Smith*, 776 F.2d 892, 898 (10th Cir. 1985) ("The technique of testing breath samples for blood alcohol content has general acceptance in the scientific community . . . ."); *see also United States v. Brannon*, 146 F.3d 1194, 1196 (9th Cir. 1998); *United States v. Reid*, 929 F.2d 990, 994 (4th Cir. 1991).  The Court found that the U.S. Department of Transportation's National Highway Traffic Safety Administration has approved the device used in this instance, and that the technician performing the tests was qualified.  It further found that the drop in BAC between the two breathalyzer tests was consistent with Cope's high metabolism and drinking experience, as well as the .02 percent variability inherent in the results.  The Court also found that Cope was operating under the influence of alcohol even if his BAC somehow never rose above .094 percent during the flight.  Just because Cope was fortunate enough to avoid

---

[2] Specifically, Cope argues that the decrease of .01 percent in the twenty minutes between the first breathalyzer test result of .094 and the second test result of .084, demonstrates the unreliability of the breathalyzer results.  He also argues that his performance during the flight showed no signs of impairment.

errors in the performance of his duties during flight does not raise a "close question" as to the sufficiency of the evidence that he was intoxicated.

In sum, the Court finds that Cope has failed to meet his burden of showing by clear and convincing evidence that his appeal raises a substantial question of law or fact. Accordingly, Cope's Motion for Release Pending Appeal will be denied.

## ORDER

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Cope's Motion for Release Pending Appeal [Docket No. 60] is **DENIED**.


DATED:   December 20, 2011                                     s/ John R. Tunheim
at Minneapolis, Minnesota.                                 JOHN R. TUNHEIM
                                                           United States District Judge